**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **B.T.** | * | **CIVIL ACTION** |
| ***Plaintiff,*** | * | |
| | * | **NO. 26-991** |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **LOUISIANA RIVERBOAT GAMING** | * | |
| **COMPANY LLC &** | * | **MAGISTRATE JUDGE:** |
| **BRYANT HARRIS** | * | |
| ***Defendants*** | * | |

**************************************

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

Plaintiff B.T., by and through undersigned counsel, respectfully submits this Memorandum of Law in Support of Plaintiff's Motion for Leave to Proceed Anonymously.

As explained more fully below, Plaintiff is a victim of sexual assault and rape and therefore has a strong interest in keeping her personal information private. To avoid public disclosure of this highly sensitive personal information while seeking redress for the violation of her state and federally protected rights, Plaintiff has filed her Complaint using a pseudonym and contemporaneously seeks leave from this Court to proceed anonymously in this action.

**FACTUAL ALLEGATIONS**

Plaintiff's Complaint alleges that on or about January 15, 2025, she was sexually assaulted and raped by Defendant, Bryant Harris, the General Manager of Beverage Operation and Sports & Social of Live! Casino-Hotel in Bossier City, Louisiana. Plaintiff alleges that her Live! Casino is vicariously liable to Plaintiff for the rape and other intentional torts committed by her general manager, Defendant Harris. Additionally, Plaintiff's Complaint alleges sex-based discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq*.

## LAW AND ARGUMENT

Rule 10(a) of the Federal Rules of Civil Procedure requires that the caption of a cause name all the parties. Fed. R. Civ. P. 10(a). However, courts have allowed plaintiffs to proceed under pseudonyms under certain special circumstances when the cases involved "matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979) (quotations and citations omitted).

Whether to allow a plaintiff to proceed pseudonymously is determined by balancing a party's privacy interest against the public's interest in open judicial proceedings. *See Doe v. Stegall*, 653 F.2d 180, 184-86 (5th Cir. 1981) (allowing parent and two child litigants to proceed anonymously in constitutional challenge to prayer and Bible reading exercises in public schools). A plaintiff is generally allowed to litigate under a pseudonym where substantial privacy interests are at stake or where a plaintiff would be compelled to disclose, *inter alia*, information of a sensitive or highly personal nature—information of the "utmost intimacy." *See id.*; *S. Methodist Ass'n*, 599 F.2d at 712-13.

Cases in which a plaintiff alleges that they are victim of sexual assault are considered to meet this required standard, and therefore federal courts "generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects." *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014); *see also Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 872 (7th Cir.1997) ("[F]ictitious names are allowed when necessary to protect the privacy of ... rape victims, and other particularly vulnerable parties or witnesses."); *E.E.O.C. v. Spoa, LLC,* No. CCB–13–1615, 2013 WL 5634337, at *3, *4 (D.Md. Oct. 15, 2013) (finding that "sexual assault" is a "highly sensitive and personal

matter" and allowing the sexual assault victim to proceed pseudonymously); *Roe v. St. Louis Univ.*, No. 08–cv–1474–JCH, 2009 WL 910738, at *5 (E.D.Mo. Apr. 2, 2009) (allowing use of pseudonym because rape is a "personal matter of the utmost intimacy").

The above cited cases show that federal precedent weighs in favor of allowing the use of a pseudonym in cases involving sexual assault. Louisiana state law also weighs heavily in favor allowing the use of a pseudonym. LSA-Const. Art. 1, §25 guarantees that "[a]ny person who is a victim of crime shall be treated with fairness, dignity, and respect." Additionally, Louisiana Revised Statute 46:1844(w)(1)(b) states the following:

> In order to protect the identity and provide for the safety and welfare of crime victims who are minors under the age of eighteen years and of victims of sex offenses or human trafficking-related offenses, notwithstanding any provision of law to the contrary, **an attorney for any party shall be prohibited from publicly disclosing, except during trial, the name, address, contact information, or identity of crime victims who at the time of the commission of the offense are under eighteen years of age or are victims of sex offenses or human trafficking-related offenses, regardless of the date of commission of the offense. An attorney may lawfully utilize initials, abbreviations, or other forms of indefinite descriptions on documents used in the performance of their duties to prevent the public disclosure of the name, address, contact information, or identity of such crime victims.** If the name, address, contact information, or identity of such a crime victim must be disclosed in a motion or pleading, that motion or pleading shall be filed with the court requesting that it be kept under seal. Failure to comply with the provisions of this Subparagraph shall be punishable as contempt of court.

La. R.S. 46:1844(w)(1)(b) (bold emphasis added).

Here, Plaintiff has a strong privacy interest in the use of a pseudonym, which clearly outweighs any countervailing public interest in revealing her identity. Plaintiff has put forth in her Complaint that she was the victim of sexual assault and rape by her general manager. Plaintiff has already suffered immensely from the sexual assault and rape she endured, and she will be further

traumatized if she is forced to publicly reveal her identity for all the world to see in perpetuity. Courts have recognized that anonymity can be important to safeguard recovery from trauma. *See Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011). Compelling Plaintiff to identify her name on every court filing would make Plaintiff's name indefinitely available to the public. "Having the plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case." *Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014). Concealing the plaintiff's identity is often "necessary to prevent additional psychological harm to the plaintiff". *Id*. at n.6. The risk that a sexual assault victim will suffer additional mental harm as a result of being forced to reveal their identity is, by itself, a sufficient reason to warrant proceeding under a pseudonym. *Id.* at n.6.

The public's interests will be best served by allowing Plaintiff to proceed through a pseudonym. In this case the public's interest in open judicial proceedings is not dependent on, or even aided by, knowledge of Plaintiff's identity. The Plaintiff is not a public figure so the public has no greater interest in knowing the Plaintiff's identity than they would for any average citizen.

On the other hand, important public interest goals would be furthered significantly by allowing Plaintiff to use a pseudonym in this case. There is a "strong [public] interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe v. Cabrera*, 307 F.R.D. 1, 6 (D.D.C. 2014). Forcing Plaintiff to reveal her identity would serve as a deterrent to other victims coming forward.

Other district courts in Louisiana have allowed survivors of sexual abuse to proceed anonymously. In one recent case, this Court allowed an adult plaintiff to proceed anonymously because her "allegation that she was raped by her supervisor at her place of employment,

establish[ed] her strong privacy interest in the use of a pseudonym". *L.P. v. CMI, Inc. (DE), et. al*, No. CV 24-00401-BAJ-EWD, (M.D. La. May 24, 2024) (Attached as Exhibit 1). The court noted that "it is not apparent how the public interest in open judicial proceedings would be adversely impacted by concealing Plaintiff's true identity." *Id.* The court further noted that the defendants would not be prejudiced by Plaintiff's use of a pseudonym where defendants are already fully aware of Plaintiff's identity. *Id.*

It has further been found that filing an *ex parte* motion to proceed under a pseudonym is a proper method for a plaintiff to seek the relief requested herein. *Doe v. CoreCivic, Inc.*, No. 20-1828, 2020 WL 3640058, at *2 (S.D. Tex. July 6, 2020) (granting an *ex parte* motion to proceed by pseudonym in a case involving a sexual assault of the plaintiff and two other women while being held by ICE at a Houston Processing Center).

Under these circumstances, neither fundamental fairness nor ease of discovery will be compromised by Plaintiff's use of a pseudonym.

## CONCLUSION

Because the potential harm to Plaintiff clearly outweighs any potential interest in full public access to her identity, Plaintiff requests that this Court grant her request to proceed pseudonymously in this litigation.

Respectfully submitted,

*/s/ Julien G. Lamothe*

FRANK E. LAMOTHE, III (#07495)
KRISTI S. SCHUBERT T.A. (#34870)
JULIEN G. LAMOTHE (#38313)
**LAMOTHE LAW FIRM, LLC**
400 Poydras Street, Suite 1760
New Orleans, LA 70130
Telephone: (504) 704-1414
E-Mail: felamothe@lamothefirm.com
kschubert@lamothefirm.com
jlamothe@lamothefirm.com
***Attorneys for B.T.***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all counsel of record, by e-mail, facsimile and/or by depositing same in the United States Postal Service, properly addressed and postage prepaid, this 15th day of September 2026.

*/s/ Julien G. Lamothe*
JULIEN G. LAMOTHE